**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| HOWARD COHAN<br><br>Plaintiff<br><br>v.<br><br>APPLE TEN ILLINOIS LLC.<br><br>Defendant | Case No. 25-cv-10424<br><br>Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Howard Cohan is a person with physical disabilities that impact his mobility. Cohan seeks declaratory and injunctive relief under Title III of the Americans with Disabilities Act ("ADA"), where he alleges the Residence Inn by Marriott in Mettawa, Illinois—which is owned by Defendant, Apple Ten Illinois LLC—is inaccessible. Defendant moves to dismiss Cohan's amended complaint for lack of subject matter jurisdiction. For the reasons stated herein, Defendant's motion is granted.

## I. Background

The following factual allegations taken from the amended complaint are accepted as true for purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). Cohan has numerous disabilities that limit his ability to perform certain manual tasks, including walking, standing, bending, and lifting. [32] at ¶ 8. Cohan alleges he "suffered from these disabilities during his visit [ ] to Residence Inn by Marriot Chicago Lake Forest/Mettawa." *Id.* at ¶ 9. Cohan alleges he "visited

Mettawa, IL [i]n October 2024 and July 2025, and plans [to] return." *Id.* at ¶ 12. Cohan "stays in hotels when he is in the area," but "does not always stay at the same hotel." *Id.* at ¶¶ 13-14. He "prefers to shop around for the best amenities, prices, location, and ease of access to accommodate his disabilities." *Id.* at ¶ 14. And though "many hotels advertise that they are accessible, Plaintiff still regularly encounters barriers to access." *Id.* at ¶ 16. Cohan alleges that "[d]espite advertising that Residence Inn by Marriott Chicago Lake Forest/Mettawa is accessible, Plaintiff encountered barriers to access at the Mettawa Facility, which denied him full and equal access and enjoyment of the services, goods, and amenities when he visited on October 9, 2024 and July 21, 2025." *Id.* at ¶ 18. As a result, Cohan is "currently deterred from considering the Facility as an option for lodging on his future planned visits." *Id.* at ¶ 19.

Defendant moves to dismiss Cohan's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that he lacks standing. [36] at 1.

## II. Standard

Rule 12(b)(1) allows for the dismissal of complaints over which a court may not exercise subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "Standing is an element of subject-matter jurisdiction in a federal civil action" and requires a plaintiff to show that he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Moore v. Wells Fargo Bank, N.A.*, 908 F.3d 1050, 1057

(7th Cir. 2018). Here, Defendant argues that Cohan has failed to satisfy the first element. [36] at 5.

An injury in fact is a harm suffered by the plaintiff that is "(a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks and citations omitted). A plaintiff seeking injunctive relief under the ADA must allege a "real and immediate" threat of future injury, because past injury alone is insufficient to justify injunctive relief. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Simic v. City of Chicago*, 851 F.3d 734, 738 (7th Cir. 2017). Thus, to "adequately allege standing for injunctive relief under the ADA, the plaintiff must allege (1) a past injury under the ADA, (2) a reasonable probability that this discriminatory treatment will continue, and (3) based on the plaintiff's frequency of past visits and proximity to the place of public accommodation, that they intend to return to the place in the future." *Cohan v. Kohl's, Inc.*, 2024 WL 3834141, at *2 (N.D. Ill. Aug. 15, 2024). "These future violations cannot be alleged through mere professions of intent [to return] but must include 'concrete plans' or a 'specification of when' [plaintiff's] return to the premises will be." *Id.* (citing *Lujan*, 504 U.S. at 564).

## III. Analysis

Even if Cohan adequately alleges a past injury under the ADA and a reasonable probability that the discriminatory treatment will continue, he fails to plausibly allege an intent to return to the Residence Inn in Mettawa. A plaintiff must present facts and tangible reasons to support an intent to return, rather than conclusory

statements or allegations. *See Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1075 (7th Cir. 2013) (holding that the plaintiff must show a specific intent to return to the premises where the ADA violations occurred based on concrete facts, such as a familial connection or upcoming events); *see also Cohan v. Texas Roadhouse Holdings LLC*, 635 F. Supp. 3d 1341, 1348 (S.D. Fla. 2022) (holding that Cohan's intent to return and ensure the restaurant's compliance with the ADA was insufficient to establish standing without presenting specific facts to support this intent). At best, Cohan offers conclusory allegations of an intent to return, but he fails to allege facts that allow the Court to make a plausible inference that he intends to return to the defendant hotel.

To assess a plaintiff's intent to return to a place of public accommodation, courts weigh "(1) the history of plaintiff's patronage of a particular location; (2) the proximity of the place in question to the plaintiff's residence or location of frequent travel; (3) the definiteness of the plaintiff's plans to return; and (4) the plaintiff's frequency of travel near the defendant establishment." *Cohan v. Lakhani Hosp., Inc.*, 2022 WL 797037, at *3 (N.D. Ill. Mar. 16, 2022) (internal quotation marks and citations omitted). These four factors weigh against standing in this case.

The first factor addresses "the history of plaintiff's patronage of a particular location," which in this case is the Residence Inn in Mettawa. *Id.* The more that a plaintiff has previously visited the premises in question, the more reasonable it is to infer that they will return in the future. *Compare Faircloth v. McDonald's Corp.*, 2018 WL 5921230, at *3 (N.D. Ill. Nov. 13, 2018) (noting that the plaintiff did not specify

how many prior times he had visited the defendant premises besides the time in question), *with Davis v. Wendy's Int'l, LLC,* 2019 WL 6769689, at *4 (N.D. Ill., Dec. 12, 2019) (finding the plaintiff's specific allegation of visiting the premises "once every two months" supports a plausible inference of return). Cohan alleges he went to the Residence Inn twice, once in October 2024 and once in July 2025. [32] at ¶ 18. This factor does not support a plausible inference that Cohan will return. *See Khol's, Inc.,* 2024 WL 3834141, at *4 ("Because of Cohan's lack of prior patronage to the premises beyond the two incidents, this factor weighs against finding Cohan has standing.")

The second factor looks to "the proximity of the place in question to the plaintiff's residence or location of frequent travel." *Lakhani Hosp., Inc.*, 2022 WL 797037, at *3 (internal quotation marks and citations omitted). The closer a plaintiff resides to the premises in question, the more plausible it is to infer that the plaintiff will return. *See Breeze v. Kabila Inc.,* 575 F. Supp. 3d 141, 157 (D.D.C. 2021) (holding that a plaintiff living eleven miles away, which is a "close driving distance" from the defendant premises, is considered close proximity); *see also Harris v. Stonecrest Care Auto Ctr.*, 472 F. Supp. 2d 1208, 1216 (S.D. Cal. 2007) (finding that a plaintiff living "hundreds of miles" from the defendant premises is not considered in close proximity to the premises). Here, Cohan resides in Palm Beach County, Florida. [32] at ¶3. The Residence Inn in question is in Mettawa, Illinois. *Id.* at ¶ 9. As such, there is significant distance between Cohan's residence and the defendant premises. This distance weighs against an inference that Cohan intends to return.

The third factor examines "the definiteness of the plaintiff's plans to return" to the premises in question. *Lakhani Hosp., Inc.*, 2022 WL 797037, at *3 (internal quotation marks and citations omitted). Vague or conclusory allegations or status as an ADA tester are inadequate to infer an intent to return. *See Texas Roadhouse*, 635 F. Supp. 3d at 1348-49 (finding conclusory allegations that Cohan would "absolutely return to the Premises" insufficient). Here, Cohan states that he visited "Mettawa, IL [i]n October 2024 and July 2025, and plans [to] return." [32] at ¶ 12. Cohan alleges he stayed at the Residence Inn in Mettawa "on October 9, 2024 and July 21, 2025," and that he "returns to every Facility after being notified of remediation of the discriminatory conditions to verify compliance with the ADA." *Id.* at ¶¶ 18, 21. Even assuming these statements, taken together, imply that Cohan intends to return to the Residence Inn, his allegations lack any definitiveness. This factor weighs against a finding that Cohan has standing.

Finally, the fourth factor examines "the plaintiff's frequency of travel near the defendant establishment." *Lakhani*, 2022 WL 797037, at *3 (internal quotation marks and citations omitted). A plaintiff's frequent travel near the premises in question supports a plausible inference of return and therefore an imminent risk of future injury. *See id.* Here, Cohan alleges he "travels the to the Mettawa area to visit friends and shop," but only alleges two prior visits in October 2024 and July 2025. [32] at ¶ 12. This factor, like the others, does not support an inference that Cohan intends to return to the Residence Inn.

Absent concrete ties or reasons to support Cohan's intent to return to the Residence Inn in Mettawa, he has not adequately alleged a real and imminent threat of future injury. Although Cohan has alleged a conditional statement that he "returns to every Facility after being notified of remediation," [32] at ¶ 21, this conclusory statement is insufficient to confer standing. Without more, the Court cannot plausibly infer that Cohan will return—and therefore faces a substantial, imminent risk of future harm—to justify injunctive relief. *See Lujan*, 504 U.S. at 564 ("Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require." (emphasis in original)). Where the relevant factors weigh against finding Cohan has standing, Defendant's motion to dismiss is granted. [36].

## IV. Conclusion

For the reasons stated above, the Court finds that Plaintiff lacks standing. As such, Defendant's motion to dismiss [36] is granted. If Plaintiff believes he can amend his complaint to cure the deficiencies identified in the Court's ruling, Plaintiff may seek leave to file an amended complaint by October 22, 2026. Plaintiff's motion to file an amended complaint shall describe how the amended complaint cures these deficiencies.

E N T E R:

Dated: October 5, 2026

MARY M. ROWLAND
United States District Judge